UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Williamson, III, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>Victoria L. Gunvalson, et al.,<br><br>  Defendants. | Case No.: 2-13-cv-2022-JAD-GWF<br>c/w 2:13-cv-1019-JAD-GWF<br><br>**Order Granting Motions to Set Aside Default and Related Relief [Docs. 11, 13]** |

Plaintiff Robert Williamson, III and Vicki's Vodka, LLC, (collectively, "Plaintiffs") originally sued, *inter alia*, Defendants Woo Hoo Productions LLC, David Brooks Ayers, and Cougar Juice Vodka LLC in Nevada state court over a soured business deal in which Woo Hoo, Cougar Juice, Ayers, and others are alleged to have broken their oral and written agreements with Plaintiffs. *See* Doc. 1-1.[1] The case was removed to federal court on November 1, 2013. Doc. 1. On December 6, 2013, Plaintiffs moved for a Clerk's Entry of Default against Defendants Woo Hoo (Doc. 6), Ayers (Doc. 7), and Cougar Juice (Doc. 8) and default was entered on December 9, 2013. Doc. 10.[2] Woo Hoo and Cougar Juice

---

[1] The current suit involves additional defendants, none of whom are at issue in the motions presently before the Court.

[2] Plaintiffs also sought and obtained a clerk's entry of default against Sweetwaters Distillers, Inc. (Docs. 9, 10). Sweetwaters has not moved to set aside the clerk's entry of default.

1

promptly filed a joint motion to set aside the default on December 13, 2013, Doc. 11, and Ayers moved to set aside that default entered against him on December 23, 2013. Doc. 13. For the foregoing reasons, both motions will be granted, and the Clerk's entry of default will be set aside as to these three defendants.

## Discussion

Fed. R. Civ. Proc. 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Where this failure is "shown by affidavit or otherwise," the clerk must enter that party's default under Fed. R. Civ. Proc. 55(a). "The court may set aside an entry of default for good cause." *Id.* at 55(c). "Good cause" is determined through three factors: (a) whether the defaulting party engaged in culpable conduct that led to the default, (b) whether there is a meritorious defense, and (c) whether reopening the case would cause prejudice to the Plaintiff. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). This test is disjunctive, and proof of any of these three factors may justify setting aside the default. *See Brandt v. American Bankers Insurance Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). Overarching all of these factors is the Ninth Circuit's stated policy favoring adjudication of disputes on their merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), with doubts resolved in favor of setting aside the default. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 9th Cir. 1974).

**A.     Woo Hoo and Cougar Juice**

    **1.     Setting Aside Clerk's Entry of Default**

Plaintiffs claim Woo Hoo was personally served on November 7, 2013, while the case was in Nevada State court, via personal delivery on Woo Hoo's registered agent for service of process. Doc. 6 at 6. Similarly, Plaintiffs claim that Cougar Juice was personally served on November 12, 2013, on its registered agent for service of process. Doc. 8 at 6.

The owner of Woo Hoo (Michael Nicholson), and the owner of Cougar Juice (Victoria Gunvalson), are also named defendants in the case. *See* Doc. 1-1. They were also served in their individual capacities with copies of the Summons and Complaint, and filed a joint Answer in the state case. Docs. 4-1, 11 at 3. Both Nicholson and Gunvalson

acknowledged receipt of the Summons and Complaint for Woo Hoo and Cougar Juice, respectively, and admit that they failed to forward these documents on to their mutual attorney. *See* Doc. 11. They explain that, as laypeople, they believed that filing an answer in their individual capacities absolved them of the obligation to answer in their corporate capacities as well, and that no further action needed to be taken with respect to the LLCs they controlled. *See id.*

Turning to the disjunctive *Falk* factors, the Court finds, upon review of Woo Hoo and Cougar Juice's proposed Answer to the Complaint, that the document raises the possibility of a meritorious defense. Both Defendants raise 27 affirmative defenses, including the lack of a legally binding contract between Plaintiff and the Defendants (Second Affirmative Defense), and no mutual exchange of consideration (Third Affirmative Defense). Success on any one of these 27 affirmative defenses would result in an outcome other than default. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Having satisfied at least one of the three factors, the Court need not proceed any further to find that the Clerk's entry of default should be set aside.[3]

**2.   Acceptance of Answer**

Woo Hoo and Cougar Juice also request that the Court accept for filing the Answer that they have attached as an exhibit to their motion to set aside the clerk's entry of default. Docs. 11 at 4; 11-5. Instead of granting this request, the Court permits Woo Hoo and Cougar Juice leave to file this Answer, or any alternative pleading, into the record within 10 days from the issuance of this Order.

**B.   Ayers**

As to Ayers, Plaintiffs styled their document as "Default for Sweetwaters David Brooks Ayers." Doc. 7 at 1. Equally cryptically, Plaintiffs first claim that Ayers was personally served on November 12, 2013, Doc. 7 at 2, but the Affidavit of Service signed by

---

[3] Even if every defense were proven meritless, however, this the case remains in its infancy, and no scheduling order has issued. Thus, no prejudice has accrued to Plaintiffs as a result of setting aside the default, and Woo Hoo and Cougar Juice would be entitled to set aside the Clerk's entry of default under the third *Falk* factor.

3

Plaintiffs' process server indicates that Ayers was personally served on November 18, 2013. Doc. 7 at 6.[4] Ayers contends that Plaintiffs jumped the gun: default was entered against him on December 9, 2013, even though he claims he had until 11:59 p.m. on December 9, 2013, to respond to the Complaint.

Federal Rule of Civil Procedure 12(a)(1) provides a defendant 21 days to plead or otherwise respond to a complaint "21 days after being served." *Id.* To calculate the service period, the Court excludes the day on which service was effected from the service period. Rule 6(a)(1)(A). Since Ayers was served personally under Rule 5(b)(2)(A), he is not entitled to any further extension of the period under Rule 6(d). 21 days from Tuesday, November 19, 2013, was Tuesday, December 10, 2013. Thus, the December 9, 2013, Clerk's entry of default against Ayers was premature. Obviously, Ayers could not have engaged in culpable conduct leading to the default when his adversary sought to cut short the pleading response period he was lawfully allowed to take, and then seek default on Ayers' failure to timely plead or respond. Having satisfied the first of the disjunctive *Falk* factors, the clerk's entry of default must be set aside. Ayers shall answer or otherwise respond to the Complaint within the next 10 days.

**Conclusion**

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **ORDERED** that Defendant Cougar Juice Vodka, LLC an Defendant Woo Hoo Productions, LLC Motion to Set Aside Clerk's Entry of Default and for Acceptance of the Filing of Their Answers [Doc. 11] is **GRANTED,** and the Clerk's Entry of Default [Doc. 10] is set aside as to them;

It is **FURTHER ORDERED** that Defendant David Brooks Ayers's Motion to Set Aside Default and Allow Leave to File Answer [Doc. 13] is **GRANTED,** and the Clerk's

---

[4] According to the Affidavit, service was made by leaving a copy of the summons, complaint, and other documents at Ayers' "usual place of abode" with a person "residing there who is of suitable age and discretion," who in this case was a person who would not give his name but who confirmed the address. Ayers does not dispute that service was properly made.

Entry of Default [Doc. 10] is set aside as to him.

It is **FURTHER ORDERED** that Cougar Juice, Woo Hoo, and Ayers shall have 10 days to answer or otherwise respond to Plaintiffs' Complaint.

DATED: February 14, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE